UNITED STATES OF AMERICA
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY,
Plaintiff,

v.                                                          No. 1:24-CV-00388-CEA-SKL

EASEMENTS AND RIGHTS-OF-WAY
OVER 5.28 ACRES OF LAND, MORE OR
LESS, IN SEQUATCHIE COUNTY,
TENNESSEE, and
HARMON LEE HALE a/k/a HARMON L. HALE,
Defendants.

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF AN ORDER OF IMMEDIATE POSSESSION

Plaintiff has moved the Court *ex parte* pursuant to the Declaration of Taking Act,

40 U.S.C. §§ 3114 to 3118 ("Taking Act"), for entry of an order of immediate possession and

use of the condemned property rights. Plaintiff needs immediate possession of the property rights

to proceed with construction of a transmission line project, and Plaintiff submits this brief in

support of its motion.

### ARGUMENT

This case was brought under the TVA Act of 1933, 16 U.S.C. §§ 831 to 831ee, which

provides that the Taking Act is applicable to condemnation cases brought under the TVA Act,

*see* 16 U.S.C. § 831c(*i*). In accord with the Taking Act and Federal Rule of Civil Procedure 71.1,

Plaintiff filed a Complaint (Doc. 1); Declaration of Taking (Doc. 1-3); and Notice of

Condemnation (Doc. 1-6). As required by 40 U.S.C. § 3114(a), the Declaration of Taking

(Doc. 1-3) states the authority for the taking and the public use for the property rights taken (*id.*

¶ 4); describes the property taken sufficient to identify the land (*id.* ¶¶ 1, 3 & Doc. 1-4); states

the interests taken are for public use (*id.* at ¶ 4 & Doc. 1-4); annexes maps showing the property

1

rights taken (*id.* at ¶ 3 & Doc. 1-5); and states the amount estimated by Plaintiff to be just compensation for the property rights taken (*id.* at ¶ 2). The Court subsequently entered an Order directing the Clerk to invest funds tendered by Plaintiff (Doc. 7), and Plaintiff tendered the sum of $47,700 to the Clerk to be deposited as its estimate of just compensation for the property rights that were taken (Doc. 8).

Once the deposit is tendered, all statutory requirements of the Taking Act will have been satisfied, with the result that (a) title to the property rights described in the Declaration of Taking will have vested in Plaintiff; (b) the property rights described in the Declaration of Taking will have been condemned and taken for Plaintiff's use; and (c) the right to just compensation for the taking will have vested in the persons entitled thereto. *See* 40 U.S.C. § 3114(b). Accordingly, Plaintiff is entitled to possession of the rights condemned, and the Court has authority to enter an order of immediate possession placing Plaintiff in immediate possession and use of those rights pursuant to 40 U.S.C. § 3114(d)(1). *See United States v. Miller*, 317 U.S. 369, 381 (1943) (pointing out that one of the primary purposes of the Declaration of Taking Act was to provide a procedure "to give the Government immediate possession of the property"); *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 5 (1984) (stating that upon compliance with the Declaration of Taking Act, "[t]itle and right to possession thereupon vest immediately in the United States"); *United States v. Dow*, 357 U.S. 17, 23 (1958) ("[T]he filing of the declaration enables it [the Government] to enter immediately . . . ."); *United States ex rel. TVA v. An Easement & Right-of-Way 200 Feet Wide and 874 Feet Long*, 235 F. Supp. 376, 378 (N.D. Miss. 1964) ("[U]nder the provisions of the declaration of taking statute, . . . this court has authority to put TVA into immediate possession of the condemned property.").

2

In recognition of the Government's right to immediate possession of property taken pursuant to the Declaration of Taking Act, orders of possession are properly and typically entered *ex parte*:

> In this type of condemnation proceeding, the United States files a declaration of taking in the district court pursuant to the Declaration of Taking Act, 40 U.S.C. § 258a et seq., and deposits funds with the district court. The district court may then enter an *ex parte* order of possession.

*United States v. 0.95 Acres of Land*, 994 F.2d 696, 698 (9th Cir. 1993); *see also United States ex rel. TVA v. An Easement & Right-of-Way Over Two Tracts of Land*, 246 F. Supp. 263, 264 (W.D. Ky. 1965) ("The plaintiff filed this action on August 31, 1961 and it was, by order of the court [dated Sept. 8, 1961], put in possession of the property condemned."), *aff'd*, 375 F.2d 120 (6th Cir. 1967); *United States ex rel. TVA v. Puryear*, 105 F. Supp. 534, 535 (W.D. Ky. 1952) (denying motions to set aside and vacate *ex parte* orders authorizing TVA to take possession of rights taken in three cases for construction and maintenance of a TVA transmission line); *United States ex rel. TVA v. A Temporary Right to Enter Land*, No. 1:23-CV-02130-STA-jay, 2023 WL 3588003 (W.D. Tenn. May 22, 2023) (same).

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court enter an order granting Plaintiff immediate possession of the property rights described in the declaration of taking.

Respectfully submitted,

*s/James S. Chase*
James S. Chase (TN BAR 020578)
Assistant General Counsel
OFFICE OF THE GENERAL COUNSEL
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Telephone 865.632.4239
jschase@tva.gov

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that the foregoing Memorandum in Support of Plaintiff's *Ex Parte* Motion for

Entry of an Order of Immediate Possession was filed electronically through the Court's ECF

system on the date shown in the document's ECF footer. Notice of this filing will be sent by

operation of the Court's ECF system to all parties as indicated on the electronic filing receipt

(parties may access this filing through the Court's ECF system).

A copy of this document is being sent to the Defendant by regular U.S. mail as indicated

below:

> Harmon Lee Hale a/k/a Harmon L. Hale
> 11034 East Valley Road
> Dunlap, Tennessee 37327

*s/James S. Chase*
James S. Chase (TN BAR 020578)
Attorney for Plaintiff

128231626