UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA upon the relation and for the use of the TENNESSEE VALLEY AUTHORITY, | ) ) ) ) | |
| *Plaintiff*, | ) ) | Case No. 1:24-cv-388 |
| v. | ) ) | Judge Atchley |
| EASEMENTS AND RIGHTS-OF-WAY OVER 5.28 ACRES OF LAND, MORE OR LESS, IN SEQUATCHIE COUNTY, TENNESSEE, and HARMON LEE HALE a/k/a HARMON L. HALE, | ) ) ) ) ) ) ) | Magistrate Judge Dumitru |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Summary Judgment. [Doc. 14]. Defendant Harmon Lee Hale, a/k/a Harmon L. Hale, has not responded to the Motion, and the time for doing so has since expired. *See* E.D. Tenn. L.R. 7.1(a). For the following reasons, the Motion [Doc. 14] is **GRANTED**, and this action is hereby **DISMISSED**.

### I. BACKGROUND

In this condemnation proceeding, the United States of America, upon the relation and for the use of the Tennessee Valley Authority, seeks to exercise the power of eminent domain and award just compensation to Defendant Hale, the owner of the subject property. [Doc. 1 at ¶ 1, 6]. Plaintiff desires to erect, operate, and maintain electric power transmission circuits and communication circuits [*Id.* at ¶ 3]. To construct those circuits, Plaintiff seeks the right to acquire permanent easements and rights-of-way on the subject property. [*Id.* at ¶ 4; Doc. 15 at 7–9

(description of the property rights sought)]. Before filing this action, the TVA's Realty Services organization retained an independent appraiser who valued the property rights sought at $43,300.00. [Doc. 13 at ¶ 6]. TVA's Manager of Real Property Transactions reviewed this appraisal and determined, based on his own experience as a licensed real estate appraiser, that the "just and liberal compensation" for the rights sought is $47,700.00. [*Id.* at ¶ 7].

On December 13, 2024, the United States, upon relation of the TVA, initiated this action [Doc. 1]. That same day, the Court entered an order directing the Clerk to accept $47,700.00 from Plaintiff for purposes of the condemnation. [Doc. 7]. Defendant Hale received service on or before December 17, 2024 [Doc. 12], and on December 18, 2024, the Court entered an order directing Defendant Hale to surrender to the TVA, as agent of the United States, the property rights sought. [Doc. 11]. On March 28, 2025, Plaintiff filed the instant Motion. [Doc. 14]. In the Motion, Plaintiff seeks an order finding $47,700.00 to be just compensation for the property rights at issue, confirming the vesting of title in plaintiff, and ordering disbursement of $47,700.00 to Defendant Hale. [Docs. 14–15]. Defendant Hale has neither responded to the Motion nor made an appearance in these proceedings.

II.     **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 instructs the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party asserting the presence or absence of genuine issues of material facts must support its position either by "citing to particular parts of materials in the record," including depositions, documents, affidavits or declarations, stipulations, or other materials, or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the

2

fact." FED. R. CIV. P. 56 (c)(1). When ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

### III. ANALYSIS

Before addressing the merits of Plaintiff's Motion, the Court must first determine whether it may be adjudicated without further proceedings regarding the issue of just compensation. *United States ex rel. Tenn. Valley Auth. v. Easements & Rights-Of-Way Over .0543 Acre of Land*, No. 3:22-CV-30-TAV-DCP, 2023 U.S. Dist. LEXIS 68426, at *3 (E.D. Tenn. Apr. 19, 2023). Federal Rule of Civil Procedure 71.1(h)(1) provides:

> In an action involving eminent domain under federal law, the court tries all issues, including compensation, except when compensation must be determined: (A) by any tribunal specially [required]; or (B) if there is no such tribunal, by a jury when a party demands one within the time to answer or within any additional time the court sets . . . .

When the issue of just compensation is unopposed, it is proper for the Court to consider the issue in the context of a motion for summary judgment. *See Easements & Rights-Of-Way Over .0543 Acre of Land*, 2023 U.S. Dist. LEXIS 68426, at *4; *United States ex rel. Tenn. Valley Auth. v. Tree-Removal Rights with Respect to Land*, No. 15-1008, 2015 U.S. Dist. LEXIS 123263, at *7 (W.D. Tenn. Sept. 16, 2015) (collecting cases). Defendant Hale has not opposed Plaintiff's Motion or even appeared in this action. Considering this and the fact that there appears to be no relevant statute specifically requiring that a particular tribunal determine the issue of just compensation in this case, the Court finds that it may adjudicate the Motion without further proceedings.

### A. Just Compensation

The Fifth Amendment of the United States Constitution requires that the government provide "just compensation to a property owner before taking property from him. U.S. CONST. amend V. When real property is to be taken, "just compensation" is the "amount equal to the difference between the reasonable market value of the entire tract immediately before and immediately after the taking[.]" *United States ex rel. Tenn. Valley Auth. v. Easement & Right-of-Way over 1.0 Acre of Land*, 248 F. Supp. 702, 703 (W.D. Tenn. 1965). "A party claiming an interest in the condemned property has the burden to establish the value of the property." *United States ex rel. Tenn. Valley Auth. v. 1.31 Acres of Land*, No. 12-2845-STA-tmp, 2013 U.S. Dist. LEXIS 72942, at *10 (W.D. Tenn. May 23, 2013). "When the moving party presents an appraisal by a credentialed property appraiser and the non-moving parties do not contest it, that moving party is entitled to judgment as a matter of law on the issue of just compensation." *Tree-Removal Rights with Respect to Land*, 2015 U.S. Dist. LEXIS 123263, at *7.

In this case, the Court finds that $47,700.00 is just compensation for the property rights condemned. Plaintiff has introduced evidence of two separate appraisals from credentialed property appraisers—one from an independent appraiser and one from the TVA's Manager of Real Property Transactions—suggesting that just compensation for the property rights condemned is between $43,300.00 and $47,700.00. [Doc. 13 at ¶¶ 6–7]. As Defendant Hale has not appeared in this matter, these appraisals stand unopposed. *See* FED. R. CIV. P. 71.1(e)(3) ("A defendant waives all objections and defenses not stated in its answer."). Considering the foregoing, the Court finds that the higher of Plaintiff's two appraisals, $47,700.00, represents just compensation in this case.

### B. Disbursement

"After all other issues are addressed, a district court has authority to order disbursement of funds previously deposited by the condemnor with certain conditions." *Easements & Rights-Of-Way Over .0543 Acre of Land*, 2023 U.S. Dist. LEXIS 68426, at *6. Therefore, the Clerk will be directed to disburse to Defendant Hale the funds to which he is entitled on the condition that he first provides his federal tax identification number to the Clerk and the TVA for purposes of reporting condemnation award to taxation authorities. *Id.* (imposing the same conditions); *United States ex rel. TVA v. A Temp. Right to Enter*, No. 4:14-CV-00085-HSM-SKL, 2017 U.S. Dist. LEXIS 90967, at *17–18 (E.D. Tenn. June 13, 2017) (same).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion [Doc. 14] is **GRANTED**, and this action is hereby **DISMISSED**. A separate Judgment and Order Disbursing Funds will enter.

**SO ORDERED.**

/s/ Charles E. Atchley, Jr.
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**